**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**THOMAS C., a Juvenile, Defendant–**
**Appellant.**

Nos. 02–30336, 02–30364.

United States Court of Appeals,
Ninth Circuit.

Submitted June 9, 2003.*

Decided June 12, 2003.

Before: RYMER, THOMAS and
SILVERMAN, Circuit Judges.

MEMORANDUM **

In these consolidated appeals, Thomas C., a juvenile, appeals the district court's finding of juvenile delinquency under 18 U.S.C. § 5032 for his having committed an act of arson under 18 U.S.C. § 81, and the district court's order rescinding its stay of execution of the commitment order. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and vacate and remand in part.

Thomas C. contends that the district court's finding of juvenile delinquency is not supported by sufficient evidence. The sole disputed issue was the identity of the person who set the fire, and the evidence presented tying Thomas C. to the arson was sufficient to support the finding of juvenile delinquency. *See United States v. Doe,* 136 F.3d 631, 636 (9th Cir.1998) ("Evidence is sufficient to support a [juvenile delinquency finding] unless, viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.").

Thomas C. also contends that the district court violated his due process rights by not allowing him an opportunity to present evidence in response to the allega-

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

tion that he had violated a condition of the district court's order staying execution of the commitment order. We agree. The district court's decision to rescind its order without holding an evidentiary hearing, despite Thomas C.'s request to present evidence, improperly abridged Thomas C.'s due process right to a hearing at which he was given the opportunity to present evidence that he did not violate the condition, or that, if a violation occurred, rescinding the stay order was not an appropriate sanction. *See Morrissey v. Brewer*, 408 U.S. 471, 488, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) (concluding that a person facing loss of conditional liberty, in that case parole revocation, "must have an opportunity to be heard and to show, if he can, that he did not violate the conditions, or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation"). Because we cannot evaluate evidence that was never presented to the district court, we cannot say that the deprivation of the opportunity to present that evidence was harmless beyond a reasonable doubt. We therefore vacate the district court's November 1, 2002 order rescinding the stay of execution of the sentence, and remand for further proceedings consistent with this disposition.

No. 02–30336 is **AFFIRMED**, and No. 02–30364 is **VACATED and REMANDED**.